IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM BOYD, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 07-378-JJF |
| THEODORE NANNAS, | : |
| Defendant. | : |

William Boyd, Pro se Plaintiff, Newark, Delaware.

**MEMORANDUM OPINION**

July 30, 2007
Wilmington, Delaware

Farnan, District Judge

Plaintiff William Boyd filed this action on June 12, 2007. He appears *pro se* and was granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. (D.I. 4.)

For the reasons discussed below, the Court will dismiss, without prejudice, the Complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

I.  **BACKGROUND**

Plaintiff alleges his former accountant, Defendant Theodore Nannas, stopped "doing [his] taxes" and, with Plaintiff's brother, sold a company in Plaintiff's name without his permission and without paying taxes. He alleges Defendant is located in Wilmington, Delaware. Plaintiff seeks compensatory damages, and a full credit check.

II. **STANDARD OF REVIEW**

When a litigant proceeds *in forma pauperis*, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. Section 1915(e)(2)(B) provides that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the claims "are of

little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995).

In performing the Court's screening function under § 1915(e)(2)(B), the Court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v Colley, 230 F.3d 1027, 1029 (7th Cir. 2000). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, -U.S.-, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the

speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

### III. ANALYSIS

This case cannot proceed for the simple reason that Plaintiff has not alleged facts that raise a federal question for the Court to consider. Initially, the Court notes that there are no allegations of diversity of citizenship. The essence of Plaintiff's Complaint is that his accountant improperly sold a business in his name, failed to pay taxes on the sale, and no longer works as Plaintiff's accountant. The claims suggest Plaintiff may have a claim under state law, however, the Complaint fail to state a claim under federal law.

Because the Complaint contains no federal question and there are no allegations of diversity of citizenship, the Court has no jurisdiction over the matter. 28 U.S.C. § 1331, 28 U.S.C. § 1332; See e.g., Manchester v. Rzewnicki, 777 F.Supp. 319, 329 (D. Del. 1991), aff'd, 958 F.2d 364 (3d Cir. 1992). The Complaint must be dismissed for want of jurisdiction. The Complaint lacks an arguable basis either in law or in fact. Therefore, the Court

will dismiss, without prejudice, the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IV. CONCLUSION**

Based upon the foregoing analysis, the Complaint will be dismissed as frivolous, for failure to state a claim upon which relief may be granted, and for want of jurisdiction pursuant to 28 U.S.C. § 1915(e)(2)(B). Amendment of the Complaint would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976). An appropriate Order will be entered.