IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM BOYD, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 07-378-JJF |
| | : |
| THEODORE NANNAS, | : |
| | : |
| Defendant. | : |

**MEMORANDUM ORDER**

## I. BACKGROUND

Plaintiff William Boyd ("Plaintiff"), filed suit this
lawsuit against Defendant Theodore Nannas ("Defendant"). (D.I.
2.) Plaintiff proceeds pro se and was granted leave to proceed
in forma pauperis. On July 30, 2007, the Court dismissed the
case as frivolous, for failure to state a claim upon which relief
may be granted, and for want of jurisdiction. (D.I. 6, 7.) On
September 24, 2007, Plaintiff filed a Notice Of Appeal of the
dismissal Order. (D.I. 7.) On January 14, 2008, some six months
after the case was dismissed, and after he filed an appeal,
Plaintiff filed the pending Motion For Reconsideration of the
dismissal Order. (D.I. 12.)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 59(e) provides that a party
may move to amend or alter a judgment within ten days after entry

thereof.[1]  A motion under Rule 59(e) is a device to relitigate the original issue decided by the District Court, and used to allege legal error.  United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003).  Although Rule 59 does not specifically mention a motion for reconsideration, such a motion is regarded as "the functional equivalent of a Rule 59 motion."  Federal Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 348 (3d Cir. 1986).

The standard for obtaining relief under Rule 59(e) is difficult for Plaintiff to meet.  The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made.  See Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122

---

[1]The Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware provide that "if a party chooses to file a motion for reargument, said motion shall be filed within 10 days after the Court issues its opinion or decision."  D. Del. LR 7.1.5.

(E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Brambles USA, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); See also D. Del. LR 7.1.5.

## III. DISCUSSION

Plaintiff's Complaint did not allege facts that raised a federal question and did not contain allegations of diversity of citizenship. The Court noted that, perhaps, Plaintiff might have a claim under state law. Hence, the Complaint was dismissed for want of jurisdiction and for failure to state a claim upon which relief may be granted. (D.I. 5.) In Plaintiff's Motion For Reconsideration, he now claims that Defendant violated the Sherman Act, 15 U.S.C. §§ 1 and 2. The Sherman Act claim was not alleged in Plaintiff's Complaint, and the Civil Cover Sheet made no reference to this statute.

Initially, the Court notes that Plaintiff's Motion was not timely filed. For the reason alone, the Court will deny the

3

Motion. Even if the Motion had been timely filed, Plaintiff does not meet the standard for reconsideration. The Sherman Act claim was not pled in the original Complaint nor was there a hint that Plaintiff meant to make such a claim. Indeed, the Court did not err in dismissing Plaintiff's original Complaint as it failed to state a cognizable claim for relief. Moreover, Plaintiff never sought to amend his complaint and he may not use a motion for reconsideration as a means for amendment. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence and it may not be used as a means to argue new issues that were inexcusably not presented in the original Complaint. Plaintiff provides no valid reason for the Court to reconsider its July 30, 2007 ruling and, therefore, his motion will be denied.

THEREFORE, at Wilmington this  $1\overline{8}$  day of April, 2008, IT IS ORDERED that Plaintiff's Motion for Reconsideration (D.I. 12) is **DENIED**.

UNITED STATES DISTRICT JUDGE

4